MANATT, PHELPS & PHILLIPS, LLP
Kenneth B. Julian  (CA Bar No. 149840)
kjulian@manatt.com
Phillip R. Kaplan  (CA Bar No. 076949)
pkaplan@manatt.com
Keli N. Osaki (CA Bar No. 179920)
kosaki@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA  92626
Telephone:  (714) 371-2500 / Facsimile:  (714) 371-2550

STATE COMPENSATION INSURANCE FUND
Linda S. Platisha (CA Bar No. 195281)
lsplatisha@scif.com
1750 E. Fourth Street, Suite 450
Santa Ana, CA 92705
Telephone:  (714) 347-6130 / Facsimile:  (714) 347-6145

*Attorneys for Plaintiff and Counter-Defendant*
STATE COMPENSATION INSURANCE FUND, a Public Enterprise Fund and Independent Agency of the State of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, a Public Enterprise Fund and Independent Agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>SANA ULLAH KHAN, an individual, *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV12-01072 CJC (RNBx)<br><br>DISCOVERY<br><br>**ORDRE RE**<br>**SECOND REVISED STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: July 2, 2012<br>Trial Date:     May 12, 2015 |

On April 4, 2014, the Court issued an Order granting the parties Revised Stipulated Protective Order. Dkt. No. 130.

Since that time, various third parties, whose documents the parties have sought via subpoena, have objected to certain language in the Revised Stipulated Protective Order. Specifically, these third parties have objected to language in paragraphs 1, 4, 14 and 16, which excludes or otherwise provides insufficient protection to third parties producing confidential information in the context of this litigation.

As such, the parties propose this Second Revised Stipulated Protective Order, to address the privacy and confidentiality issues raised by various third parties, in an effort to streamline third party discovery in this litigation.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, deposition testimony, transcripts, documents and other tangible things), which is deemed by the party disclosing the information to constitute confidential and/or sensitive Confidential Patient Information (as defined in paragraph 2), other patient information that may be protected by federal or state privacy laws, trade secret, proprietary, or sensitive information, including but not limited to financial data, research and development information; company personnel information; marketing strategies and information; strategic business information (such as business plans, forecasts, cost information, or logistical information); and any other information that affords the producing party an actual or potential economic advantage over others.

2. The term "Confidential Patient Information" shall mean any document or health information supplied in electronic or physical form, or any portion thereof, that the designating party reasonably and in good faith contends identifies a

patient or claimant, and is related to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present or future payment for the provision of health care to such individual.  Confidential Patient Information includes, but is not limited to, information that the designating party reasonably and in good faith contends are medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests containing individually identifiable information. Confidential Patient Information also includes information that the designating party reasonably and in good faith contends are notes, summaries, compilations, extracts, abstracts, or oral communications that contain, or are based on, confidential health information and contain individually identifiable information.

3. The term "Outside Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms:  Manatt, Phelps & Phillips, LLP; Murphy Rosen LLP; Silverman & Milligan LLP; Law Offices of Vatche Chorbajian; and the Law Offices of Richard A. Moss.

4. The term "Designating Party" shall mean any party (whether a party to this action or a third party producing documents or otherwise disclosing information in this litigation) that designates information as Confidential Information.

## CONFIDENTIAL PATIENT INFORMATION

5. The parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit purported Confidential Patient Information belonging to third-parties.  The parties hereto will make reasonable efforts to limit their uses and disclosures of, and requests for, Confidential Patient Information to the minimum necessary for the intended use, disclosure, or request.

The parties recognize the need to provide for the expeditious transfer of some Confidential Patient Information to other parties and to their representatives in connection with the above-captioned proceeding and further recognize the need to provide for the continued confidentiality of that information. To achieve these goals, the parties agree as follows.

6. The parties and their attorneys are hereby authorized to receive, subpoena, and transmit Confidential Patient Information relating to any third party, to the extent and subject to the conditions outlined herein.

7. The parties and their attorneys may not use or disclose Confidential Patient Information for any purpose other than use in this action.

8. Confidential Patient Information may be disclosed only to the following persons or entities (and subject to the conditions herein): (1) this Court and all persons assisting this Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel; (2) persons or entities retained as consultants, experts, or contractors for any party and principals and employees of the firms with which the consultants, experts, or contractors are associated, as well as subcontractors for any such persons or entities; (3) persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services; (4) any person who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness, provided that counsel first comply with the requirements of paragraph 9 of this Order; (5) any other person hereafter designated by written stipulation of the parties, or by further order of this Court; and (6) the parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel.

9. Prior to disclosing any Confidential Patient Information to persons or

1  entities involved in this litigation pursuant to paragraph 8, subsections (2) through
2  (6) of this Order, counsel shall inform each such person or entity that the
3  Confidential Patient Information may not be used or disclosed for any purpose
4  other than this litigation.  No Confidential Patient Information may be disclosed to
5  any person identified in paragraph 8, subsections (2) through (6) of this Order
6  unless such person is given a copy of this Order and advised that the information
7  contained in the document or material is Confidential Patient Information and
8  informed that an unauthorized disclosure of the Confidential Patient Information
9  may constitute a contempt of this Court.  Each person or entity to whom
10 Confidential Patient Information is disclosed pursuant to paragraph 8, subsections
11 (2) through (6) of this Order shall execute the Agreement to Be Bound by
12 Protective Order attached hereto as Exhibit A.  Copies of the executed Agreements
13 shall be retained by counsel for the party or parties who disclosed the Confidential
14 Patient Information to such persons.

15       10.    Any persons or entities involved in this litigation who are supplied
16 Confidential Patient Information pursuant to paragraph 8 of this Order may not use
17 or disclose the Confidential Patient Information for any purpose other than use in
18 this action.  Any such use or disclosure of Confidential Patient Information by that
19 person or entity must be the minimum necessary for purposes of the litigation.

20       11.    Any persons or entities involved in this litigation who are supplied
21 Confidential Patient Information pursuant to paragraph 8, subsections (2) through
22 (6) of this Order must promptly report to the Designating Party or attorney that
23 supplied the Confidential Patient Information any use or disclosure of the
24 Confidential Patient Information that is not provided for by this Protective Order.

25       12.    When documents or material containing Confidential Patient
26 Information are produced in discovery, the producing party shall designate them as
27 "confidential" in the manner set forth in this paragraph.  To designate "confidential
28 health information" material covered by this Order, the producing party shall so

designate, on the material itself, or in an accompanying cover letter or email, by using the following designation: "CONFIDENTIAL PATIENT INFORMATION – SUBJECT TO PROTECTIVE ORDER." All parties and attorneys receiving the documents or material may use such designated records only for the purposes of this action and may disclose them to other persons or entities involved in the litigation only as specified within this Order and only if the person or entity executes the Agreement to Be Bound attached hereto as Exhibit A.

13. Within 90 days after the conclusion of the litigation as to any defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant, that defendant's attorneys, and any person or entity in possession of Confidential Patient Information received pursuant to paragraph 8 of this Order, shall (i) return that Confidential Patient Information, including all copies thereof, to the party from whom the Confidential Patient Information originated, or (ii) destroy the Confidential Patient Information, including all copies thereof, and in either case shall retain no Confidential Patient Information in its files, except that the remaining defendants in the litigation, and persons or entities receiving Confidential Patient Information from those defendants, may retain Confidential Patient Information in their possession. Counsel are not required to secure the return of Confidential Patient Information submitted to the court.

14. This Order only controls and limits the use of Confidential Patient Information pertaining to third parties that comes into the possession of the parties or their attorneys as a result of disclosures made in this litigation by: (1) the parties to this lawsuit or (2) a non-party who provides Confidential Patient Information in the course of this litigation.

15. This Order does not constitute a judicial determination that any information that is designated Confidential Patient Information in this litigation is,

in fact, Confidential Patient Information whose use and disclosure is covered by federal or state law. To the contrary, no such judicial determination has been made. The purpose of this Order is to provide an appropriate, agreed-upon method for the use and disclosure of information that is reasonably and in good faith claimed to be Confidential Patient Information.

## DESIGNATION

16. Each Designating Party may designate information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of such party and its counsel, the materials fall within the Confidential Information definition herein and the disclosure of such information (including, in the case of "CONFIDENTIAL - FOR COUNSEL ONLY," disclosure to anyone other than Outside Counsel and those persons identified in paragraph 23, below) could be prejudicial to the business or operations of such party, or would violate court orders and/or confidentiality restrictions involving parties not involved in this litigation.

17. To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the producing party must mark each page of the document with the appropriate designation before producing it. However, for documents produced by another party or a non-party, or court transcripts, or any documents produced prior to entry of this Protective Order, a party can assert confidentiality through correspondence to all other parties that specifically identifies each document that will receive a confidentiality designation.

18. Designation of material as Confidential Patient Information is governed by paragraph 12.

19. Deposition testimony and/or deposition exhibits shall be designated on the record during the deposition whenever possible. A party, acting in good faith, may also designate such testimony and exhibits after receipt of the deposition transcript. The Designating Party shall inform the other party or parties of the

portions of the transcript and/or exhibits so designated within thirty-five (35) days after receipt of the deposition transcript.

20. Designation of Confidential Information as "CONFIDENTIAL PATIENT INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts, data, summaries, and compilations derived from such Confidential Information, as well as any deposition testimony, conversations, or presentations by the parties hereto or their counsel that discloses such Confidential Information.

21. If a party, through inadvertence, produces any Confidential Information without designating it in accordance with this Protective Order, the Designating Party may give written notice to the receiving party[ies] that the information produced is deemed "CONFIDENTIAL PATIENT INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" and should be treated in accordance with that designation under this Protective Order. Upon receipt of such notice, the receiving party must treat the Confidential Information as designated hereunder. If the receiving party has already in good faith disclosed the information before receiving such notice, the receiving party shall have no liability for such good faith disclosure, but shall notify the Designating Party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL PATIENT INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

**ACCESS AND USE OF PROTECTED MATERIAL**

22. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be

1  used solely in connection with this litigation, and not for any other purpose,
2  including any business or competitive purpose or function.

3       23.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"
4  shall be viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside
5  experts or consultants retained for purposes of this litigation, in accordance with the
6  provisions of paragraph 25; (d) court reporters and videographers in connection
7  with transcribing or recording a deposition or hearing; (e) the Court and its
8  personnel; and (f) the jury.

9       24.    Information designated "CONFIDENTIAL" shall be viewed only by
10 those persons designated in paragraph 23 above, and by the parties (or employees
11 thereof), provided each such party or employee of a party has read this Protective
12 Order in advance of disclosure and has agreed in writing, by executing an
13 Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its
14 terms.  This requirement does not apply to the Court or court personnel.

15      25.    The right of any expert or consultant to receive any information
16 designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY"
17 shall be conditioned on the expert's prior execution of an Acknowledgment in the
18 form attached hereto as Exhibit "A."

19      26.    Nothing herein shall prohibit a party, or its counsel, from disclosing a
20 document designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR
21 COUNSEL ONLY" to any person indicated on the face of the document to be its
22 originator, author or recipient.

23      27.    Each person receiving Confidential Information designated hereunder
24 shall maintain it in a manner which ensures that access is limited to persons entitled
25 to receive it under this Protective Order.  If such Confidential Information is
26 disclosed to any person other than a person authorized by this Protective Order, the
27 party responsible for the unauthorized disclosure must immediately bring all
28 pertinent facts relating to the unauthorized disclosure to the attention of the other

parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

28. Access and use of Confidential Patient Information is governed by paragraphs 5 through 15, above.

29. With the exceptions of paragraphs 5 through 15, providing for the appropriate use of Confidential Patient Information, this Order does not govern the use at trial of material designated under this Order.

## CHALLENGING DESIGNATION

30. At any stage of these proceedings, any party may object to a designation of information as "CONFIDENTIAL PATIENT INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" or object that certain Confidential Information require additional protection.  The party so objecting shall notify counsel for the Designating Party in writing of the objected-to materials and the grounds for the objection.  The parties shall first make a good faith effort to resolve the objection informally as required by Local Rule 37-1.  If the dispute is not resolved, the objecting party may file a motion or ex parte application with the Court in accordance with Local Rules 37-1, 37-2, including the Joint Stipulation requirement, and 7-19 (applicable to ex parte applications).  The Designating Party shall have the burden of proving that the chosen designation is appropriate.  Until the Court rules on the motion or ex parte application (or the matter is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the Designating Party.

## FILING UNDER SEAL

31. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL PATIENT INFORMATION - SUBJECT TO PROTECTIVE

ORDER," "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## ADDITIONAL PROVISIONS

32. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

33. Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by lawful subpoena or court order.  In the event that any party who received Confidential Information pursuant to this Protective Order is lawfully served with any such subpoena or court order that requires disclosure of Confidential Information, that party shall provide written notice of such subpoena or court order, which shall include a copy of the subpoena or court order itself, to the party who designated and/or produced the Confidential Information that is to be disclosed. Such written notification must be made no later than fourteen (14) court days prior to the date of compliance for the subpoena or court order or two (2) court days following service of such subpoena or court order, whichever is sooner.

34. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information, excluding Confidential Patient Information which is governed by paragraph 13, to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable

media on which it resides.  Notwithstanding the foregoing, each of the law firms identified in paragraph 3, above, may retain one copy of the Confidential Information for one year from the final termination of this action.  After such time, the Confidential Information shall be handled in accordance with the immediately preceding paragraph beginning with: "Upon final termination of this action . . . ."  In addition, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court, as well as deposition transcripts and summaries of those transcripts that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

35.  The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the Designating Party.

36.  All provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court.  For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and all persons provided access to Confidential Information under the terms of this Protective Order.

37.  All persons bound by this Protective Order are hereby notified that if

this Protective Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

38. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Additionally, this Protective Order may be modified by agreement of the parties, subject to approval by the Court.

39. The terms and provisions of this Protective Order, and designation of any Confidential Information hereunder, shall also apply to and bind any party who appears in this action subsequent to the entry of this Protective Order.

40. The terms and provisions of this Protective Order shall be binding on the parties as a confidentiality agreement regardless of whether the Court ultimately enters it as an Order.

IT IS SO STIPULATED.

DATED: July 1, 2014            Respectfully Submitted,

                               MANATT, PHELPS & PHILLIPS, LLP


                               By: /s/ Kenneth B. Julian
                                   Kenneth B. Julian
                                   *Attorneys for Plaintiff and Counter-Defendant* STATE COMPENSATION INSURANCE FUND

(signatures continued on next page)

| | | |
|---|---|---|
| DATED: July 1, 2014 | | LAW OFFICES OF VATCHE CHORBAJIAN |
| | | By: /s/ Vatche Chorbajian |
| | | Vatche Chorbajian |
| | | *Attorney for Defendants* SANA ULLAH KHAN; PHYSICIANS MOBILE MEDICAL GROUP, INC.; PRECISION CARE MEDICAL GROUP; TRUE IMAGING MEDICAL GROUP; WINDSTAR MEDICAL ASSOCIATES; CRESCENT DIAGNOSTIC MEDICAL GROUP, INC. AND CRESCENT COMPREHENSIVE MANAGEMENT, INC. |
| DATED: July 1, 2014 | | MURPHY ROSEN LLP |
| | | By: /s/ Jason L. Liang |
| | | Paul D. Murphy |
| | | Jason L. Liang |
| | | *Attorneys for Defendants and Counter-Claimants* ALEXANDER ZAKS; DAVID M. HOLMES; DANIEL A. REYES; ACCIDENT HELP LINE MEDICAL GROUP, INC.; ALEXANDER ZAKS, M.D., INC. DBA MILLCREEK SURGERY CENTER MEDICAL GROUP; ALTA SURGERY CENTER MEDICAL CLINIC, INC.; TECHNICAL SURGERY SUPPORT MEDICAL CLINIC SERVICES, INC.; RELIABLE MEDICAL SUPPLY, LLC; VALLEY INTERPRETING SERVICES, LLC; AND COMPREHENSIVE OUTPATIENT SURGERY CENTER, LLC |

| | |
|---|---|
| DATED:  July 1, 2014 | LAW OFFICES OF RICHARD A. MOSS |
| | |
| | By:/s/ Jerry Marshak |
| |    Richard A. Moss |
| |    Jerry Marshak |
| |    *Attorneys for Defendant* |
| |    BRUCE MCINTYRE ROTH |

# **ORDER**

For good cause shown, the Court GRANTS the parties' "Second Revised Stipulated Protective Order."

IT IS SO ORDERED.

Dated: <u>July 07, 2014</u>

_____
The Honorable Robert N. Block
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, a Public Enterprise Fund and Independent Agency of the State of California,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANA ULLAH KHAN, an individual, *et al.*,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV12-01072 CJC (RNBx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am (check one) [ ] a party to this action, or [ ] employed as _____ _____ by _____ _____.

2. I have read and understand the Protective Order entered in the above-entitled cases, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential Patient Information" and "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Outside Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential Patient Information" and "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons with whom I am permitted to discuss such information, as designated, under the terms of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California, and all courts in which appeals may be filed in these actions, with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential Patient Information" and "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____        _____

312050591.3